UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00074-GNS

UNITED STATES OF AMERICA                                               PLAINTIFF

v.

BLUEGRASS LODGE APARTMENTS, LTD.                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Combined Motion to Dismiss and for Summary Judgment (DN 72) and Defendant's Motion to Transfer (DN 78). For the reasons outlined below, Plaintiff's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**, and Defendant's Motion to Transfer is **GRANTED IN PART** and **DENIED IN PART**.

**I.    STATEMENT OF FACTS AND CLAIMS**

The pending motions arise out of a foreclosure action by the United on behalf of its agency, the Department of Agriculture, Rural Housing Service[1] and counterclaims asserted by Defendant Bluegrass Lodge Apartments, Ltd. ("Bluegrass"). In 1985, USDA RD made a $1.4 million loan to Bluegrass, memorialized by a promissory note (the "Note"), a real estate mortgage, a loan agreement, and an interest credit and rental assistance agreement (the "Agreement"). (Compl. ¶¶ 1-5, DN 1; Pl.'s Mem. 1-2). The collateral for the loan, and the reason for USDA RD's involvement, "was a 48-unit apartment complex in Pembroke, Kentucky, fifteen units of which were originally designated for low-income renters." (Pl.'s Mem. 2). The

---

[1] This entity is also known as "Rural Development," and was formerly known as the Farmers Home Administration (collectively, "USDA RD."). (Pl.'s Mem. Supp. Combined Mot. Dismiss & Mot. Summ. J. 1, DN 72-1 [hereinafter "Pl.'s Mem."]).

Agreement provided that USDA RD would pay $11,165.47 each month toward the interest due under the Note, but that such interest credit subsidy would terminate upon any default by Bluegrass. (Pl.'s Mem. 2-3). The Agreement also provided for USDA RD's payment of rental assistance to Bluegrass on behalf of low-income tenants, and that any default by Bluegrass would entitle the government to suspend or terminate such rental subsidies. (Pl.'s Mem. 3).

According to the United States, Bluegrass defaulted in numerous ways,[2] allowing it to accelerate the loan and ultimately foreclose upon the property. (Pl.'s Mem. 4-8). Communications between Bluegrass and USDA RD did not satisfactorily resolve Bluegrass' alleged noncompliance as to several covenants within the loan documents, and, as a result, USDA RD sent Bluegrass a notice of acceleration on November 15, 2010. (Pl.'s Mem. 8-9). Thereafter, the parties engaged in a formal mediation, which resulted in a memorandum of understanding ("MOU"), also styled as a mediation settlement agreement. The MOU provided that USDA RD would terminate the foreclosure proceedings if Bluegrass satisfied certain conditions within 60 days; the United States maintains that Bluegrass again failed to cure its default. (Pl.'s Mem. 9-11). Bluegrass filed an appeal with the USDA National Appeals Division on November 25, 2011, which found in favor of USDA RD on March 6, 2012. (Pl.'s Mem. 11).

The United States then initiated foreclosure proceedings against Bluegrass, and Bluegrass asserted five counterclaims in response. In Count I, Bluegrass demands an "accounting" and payment/credit of withheld rental assistance subsidy payments to Bluegrass by USDA RD. Counts 2 and 3 are contract claims pursuant to the loan documents and MOU, requesting a declaratory judgment and monetary award for breach of the duty of good faith and fair dealing and breach of contract related to nonpayment by the USDA RD of the rental assistance subsidy

---

[2] Bluegrass maintains that USDA RD first materially breached the Agreement by its nonpayment of the interest credit and rental assistance subsidies. (Def.'s Resp. Pl.'s Mot. Summ. J., or, Alt., Mot. Transfer 2, DN 78 [hereinafter "Def.'s Resp."]).

payments. Counts 4 and 5 are tort claims requesting a temporary restraining order and preliminary injunction for intentional interference with contracts and intentional interference with business relations, relating to USDA RD's communications with Bluegrass' tenants relaying information about the pending foreclosure action. (Answer & Countercl. ¶¶ 34-51, DN 7 [hereinafter Countercl.]; Def.'s First Am. Countercl. ¶¶ 52-64, DN 8; Pl.'s Mem. 11).

## II. **DISCUSSION**

The United States moves the Court to dismiss or grant summary judgment on Bluegrass' counterclaims, asserting, *inter alia*, that Count 1 is barred by sovereign immunity, Counts 2 and 3 are barred by the Tucker Act, 28 U.S.C. § 1491, and Counts 4 and 5 are barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. (Pl.'s Mem. 18-26). Bluegrass agrees that Counts 4 and 5 are barred,[3] and notes that, as the private sale of the property has been completed, "the issue of the interest credit subsidies [has] become moot." (Def.'s Resp. 2 n.1). Bluegrass contends that its remaining counterclaims are valid, as "[t]he United States has waived its sovereign immunity and USDA RD has breached its contract with Bluegrass by arbitrarily and capriciously suspending the rental assistance . . . ." (Def.'s Resp. 3). Alternatively, Bluegrass asks the Court to transfer any claims for which the Court determines it lacks subject matter jurisdiction to the United States Court of Federal Claims, pursuant to 28 U.S.C. § 1631. (Def.'s Resp. 3).

As the Supreme Court has made clear, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

---

[3] Counts 4 and 5 will therefore be dismissed. *See Walter v. Wells Fargo Bank, NA*, No. 2:11-CV-912, 2012 WL 641949, at *3 (S.D. Ohio Feb. 28, 2012) (citation omitted) (dismissing claim when the plaintiff agreed to dismiss it and noting that courts need not address the defendant's arguments in favor of dismissal of a claim under such circumstances).

(internal citations omitted) (citation omitted). Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Id.* (internal citation omitted). Fed. R. Civ. P. 12(b)(1) provides that a party to a lawsuit may file a motion asserting that the Court lacks subject matter jurisdiction over the case, and can challenge the claim of jurisdiction either facially, "in which case all allegations of the plaintiff must be considered as true," or factually, "in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted).

### A. Plaintiff's Motion to Dismiss – Count 1

The United States contends that Count 1, which purports to seek an "accounting" relating to USDA RD's management of Bluegrass' loan, is barred by sovereign immunity. (Pl.'s Mem. 18). The United States further argues that to the extent Bluegrass' claim for an accounting ultimately seeks money damages against USDA RD for funds owed under a contract, it is duplicative of Counts 2 and 3 and should be dismissed. (Pl.'s Reply Combined Mot. Dismiss & Mot. Summ. J. 9-10, DN 79 [hereinafter Pl.'s Reply]). The Court agrees that Bluegrass has abandoned the equitable accounting premise of Count 1[4] and essentially collapsed its argument into the same damages sought under Counts 2 and 3. Count 1 will therefore be considered as part of the Court's analysis of Counts 2 and 3.

---

[4] Specifically, Bluegrass admitted:

> Here Bluegrass does not seek an equitable accounting by the United States. Its primary objective is to obtain a judgment for the rental subsidy monies wrongfully withheld by the USDA RD . . . . While the ultimate remedy of an award of damages in favor of Bluegrass will necessarily require an examination of USDA RD's accounts, this equitable procedure is not the thrust of Bluegrass's claim.

(Def.'s Resp. 12).

### B.  Plaintiff's Motion to Dismiss – Counts 2 & 3

The United States may not be sued absent its consent.  *Mackey v. United States*, 247 F. App'x 641, 643 (6th Cir. 2007) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  Any waiver of sovereign immunity is strictly construed in favor of the United States.  *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-86 (1983).  The United States argues that Counts 2 and 3 appear to demand more than $10,000 in damages and are therefore barred by the Tucker Act, 28 U.S.C. § 1491(a)(1), which waives sovereign immunity for claims for monetary relief exceeding $10,000 founded upon government contracts, but grants exclusive jurisdiction for such claims to the United States Court of Federal Claims.  (Pl.'s Mem. 20-21).  Bluegrass appears to agree that its contract claims fall within the province of the Tucker Act, but contends that they should be resolved either by the Court exercising jurisdiction under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), or by transferring the matter to the United States Court of Federal Claims.  (Def.'s Resp. 12-15).

The so-called "Little Tucker Act" creates concurrent jurisdiction in District Courts and the Court of Federal Claims for contract claims under $10,000.  28 U.S.C. § 1346(a)(2).  Bluegrass argues that the Court should exercise jurisdiction pursuant to the Little Tucker Act, as "the Sixth Circuit has interpreted the Little Tucker Act to allow the district court to exercise jurisdiction where the amount of each individual breach is less than $10,000, even if the aggregate amount sought by the plaintiff is greater than $10,000."  (Def.'s Resp. 13-14 (citing *United States v. Louisville & Nashville R.R. Co.*, 221 F.2d 698, 702 (6th Cir. 1955))).  The United States contends that Bluegrass misstates the Sixth Circuit's holding in that case, which instead premised jurisdiction upon whether each *contract* sued under was below the $10,000 threshold.  (Pl.'s Reply 10-11).  The United States thus contends that the Little Tucker Act does

not apply in this case, as Bluegrass' counterclaims allege breach of only one contract—the MOU—for which it seeks damages in excess of $10,000. (Pl.'s Reply 11-12).

The Court agrees that *Louisville & Nashville R.R.* stands for the premise that a federal district court's concurrent jurisdiction must be based on each individual contract falling below the $10,000 jurisdictional limit. *Louisville & Nashville R.R. Co.*, 221 F.2d at 701 ("The decisive fact is that each claim is founded upon a different contract."). Counts 2 and 3 of Bluegrass' counterclaims allege breaches under the MOU, and seek damages well above the $10,000 jurisdictional limit. (Countercl. ¶¶ 35-51 ("The Plaintiff has continued for 4-1/2 years to be in breach [of] the Mediation Settlement Agreement [MOU] by its failure to . . . pay/credit to Bluegrass the monthly subsidized rental assistance payments . . . in the approximate aggregate sum of $316,000 . . . .")). Thus, Bluegrass' contracts-based counterclaims fall outside the Little Tucker Act's concurrent jurisdiction and within the exclusive jurisdiction of the United States Court of Federal Claims. Accordingly, this Court lacks subject-matter jurisdiction to hear these counterclaims.

    C.    **Defendant's Motion to Transfer**

Bluegrass asserts that, in the event that the Court determines that it lacks subject matter jurisdiction, it should transfer the case to the United States Court of Federal Claims. (Def.'s Resp. 14-18). The transfer statute provides that where the Court finds that it lacks jurisdiction to hear a case, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. The United States counters that transfer of Bluegrass' counterclaims is not in the interest of justice in this case, since Count 1 is duplicative, Count 2 is barred by federal regulation, and Count 3 fails to state a claim. (Pl.'s Reply 13-15). However, as

Bluegrass had a "colorable basis" for filing its counterclaims in this Court given the pendency of the foreclosure action relating to the same property, the Court agrees that transfer is proper as to Counts 1, 2, and 3, and declines to make any substantive rulings on the validity of these counterclaims. *See Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009) (affirming the district court's refusal to transfer by distinguishing from precedent in which the petitioner "had at least a colorable basis for filing his action" in the original venue); *United States v. Cty. of Cook*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) (interpreting 28 U.S.C. § 1631 as "permit[ting] the transfer of less than all of the claims in an action.").

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Dismiss (DN 72) is **GRANTED IN PART** as to Counts 4 and 5, and **DENIED IN PART** as to Counts 1, 2, and 3.

2. Plaintiff's Motion for Summary Judgment (DN 72) is **DENIED AS MOOT**.

3. Defendant's Motion to Transfer (DN 78) is **GRANTED IN PART** and **DENIED IN PART**, and the remaining claims—Counts 1, 2, and 3—are hereby **TRANSFERRED** to the United States Court of Federal Claims.

4. This matter is therefore **STRICKEN** from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
February 6, 2018

cc: counsel of record